# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DOES 1-5,<br><br>    Defendants. | Case Number: 1:12-cv-01382-EGS-JMF<br><br>**NOTICE OF MOTION FOR A STIPULATED PROTECTIVE ORDER RE: PREVENTING PUBLIC DISCLOSURE OF PUTATIVE JOHN DOE NO. 2'S IDENTITY** |

# NOTICE OF MOTION

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL**

**PLEASE TAKE NOTICE** that an ISP subscriber who pays the Internet bill, who is accused of being John Doe No. 2 in the above-entitled action ("**Movant**"), by and through counsel, hereby makes a motion, pursuant to Fed. R. Civ. Proc. 26(c)(1) that the Court enter a protective order preventing public disclosure of Movant's identity. Movant makes this motion on the ground that such an order is necessary and appropriate in order to protect Movant from "annoyance, embarrassment, oppression, and undue burden and expense," given that the content at issue in this lawsuit is pornographic.[1]  Fed. R. Civ. Proc. 26(c)(1).  Further, "an allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality." *Third Degree Films v. Doe*, 2011 U.S. Dist. LEXIS 128030 (N.D. Cal. Nov. 4, 2011) (emphasis added); *see Next Phase Distrib., Inc. v. Doe*, 2012 U.S. Dist. LEXIS 27260, 4-6 (S.D.N.Y. Mar. 1, 2012); *see also Does I thru XXII v. Advanced Textile*, 214 F.3d 1058, 1068–69 (9th Cir. 2000); *In re: Complaint of Judicial Misconduct (Kozinski)*, 575 F.3d 279, 283–84 (3rd Cir. 2009).

***Plaintiff Malibu Media, LLC has agreed to stipulate to the protective order being requested,[2] and an essentially identical order was entered by Judge Howell*** in a prior case between the same counsel, *Malibu Media v. John Does 1-14*, D.D.C. Case No. 12-cv-0764-BAH, ECF No. 26, 10/11/12.

Movant decided *not* to file a motion to quash the subpoena seeking his/her information or to file a motion for severance.  Further, Movant is *not* objecting to the release of his/her information by the ISP to the plaintiff and is *not* seeking a stay of any

---

[1] Like the rest of the movies plaintiff Malibu Media, LLC sues on, the work at issue here, *Perfect Lovers,* was produced by and is available for download to paid members of the X-Art.com website.  A link to the movie at issue in this case, http://x-art.com/videos/perfect_lovers/ features a preview movie and graphic photos of a nude couple engaged in sexual intercourse.

[2] A copy of the meet and confer correspondence between counsel, which contains plaintiff's assent to the stipulation, is attached as Exhibit A to the Declaration of Morgan E. Pietz.

subpoena return.[3]  In addition, Movant is identifying himself/herself to the Court, and also identifying himself/herself to the plaintiff.

All Movant seeks by this motion is an order protecting against the ***public*** disclosure of his/her identity until such time, if ever it should come, as Movant is found by a trier of fact to actually be John Doe No. 2, or until Movant is held otherwise liable. Movant believes that such an order is necessary, in order to level the playing field with respect to Malibu Media's main leverage in this type of lawsuit: the threat of tarnishing people's reputations with embarrassing allegations that he or she viewed hardcore pornography, regardless of whether the ISP subscriber actually committed the allegedly infringing downloads.  As explained in the previous case before Judge Howell where this issue arose, plaintiff's counsel does not object to the relief requested, but does object to Movant's reasoning for why such an order is necessary.

Movant relies on this Notice of Motion, the concurrently filed Memorandum of Points and Authorities; the Declaration of Putative John Doe No. 6; the Declaration of Morgan E. Pietz, including the Exhibits thereto; the pleadings and records on file herein; and on such further evidence as the Court may admit at any hearing on this matter, if any.

---

[3] According to a representative from Comcast, a subpoena return identifying Movant was made to plaintiff's counsel on Friday November 9, 2012.

DATED: November 15, 2012

Respectfully submitted,

| | |
|---|---|
| _____/s/ Morgan E. Pietz_____ <br> *Pro Hac Vice Application Pending* <br><br> Morgan E. Pietz, Esq. <br>     California Bar No. 260629 <br>     THE PIETZ LAW FIRM <br>     3770 Highland Avenue, Ste. 206 <br>     Manhattan Beach, CA 90266 <br>     Phone: (310) 424-5557 <br>     Fax: (310) 546-5301 <br>     Email:  mpietz@pietzlawfirm.com | _____/s/ Eric J. Menhart_____ <br> *Local Counsel* <br><br> Eric J. Menhart, Esq. <br>     D.C. Bar No. 975896 <br>     Lexero Law <br>     10 G St. NE, Suite 710 <br>     Washington, DC 20002 <br>     Phone: (855) 453-9376, Ext. 101 <br>     Fax: (855) 453-9376 <br>     Email:  Eric.Menhart@lexero.com |
| Attorney for the Putative John Doe(s) Identified on the Caption | |

# CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2012, the foregoing was submitted to the CM/ECF system which will send notification of such filings to Malibu Media, LLC.

_____/s/ Morgan E. Pietz_____

*Pro Hac Vice* Application Pending

Morgan E. Pietz, Esq.
     California Bar No. 260629
     THE PIETZ LAW FIRM
     3770 Highland Avenue, Ste. 206
     Manhattan Beach, CA 90266
     Phone: (310) 424-5557
     Fax: (310) 546-5301
     Email:  mpietz@pietzlawfirm.com

**NOTICE OF MOTION FOR A STIPULATED PROTECTIVE ORDER RE: PREVENTING PUBLIC DISCLOSURE OF PUTATIVE JOHN DOE NO. 2'S IDENTITY**