# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>JOHN DOES 1-7,<br><br>    Defendants. | Case Number: 1:12-cv-01380-EGS-JMF<br><br>Assigned to: Judge Emmet G. Sullivan<br>Referred to: Magistrate Judge John M. Facciola<br><br>**CONSOLIDATED REPLY IN SUPPORT OF PUTATIVE JOHN DOES' MOTIONS FOR A PROTECTIVE ORDER RE: PREVENTING PUBLIC DISCLOSURE OF PUTATIVE JOHN DOES' IDENTITY** |
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>JOHN DOES 1-5,<br><br>    Defendants. | Case Number: 1:12-cv-01382-EGS-JMF<br><br>Assigned to: Judge Emmet G. Sullivan<br>Referred to: Magistrate Judge John M. Facciola<br><br>[*Both cases referred to Magistrate Judge Facciola for full case management up to but excluding trial*] |

## I.  INTRODUCTION AND SUMMARY

At issue are two highly similar motions for a protective order filed by putative John Doe defendants in two different Malibu Media, LLC cases referred to this Court. 12-cv-1380, ECF No. 12; 12-cv-1382, ECF No. 18.  Both of the moving ISP subscribers have declined to object to the subpoenas seeking their information, and have identified themselves to the Court[1] and to the plaintiff.  Rather, pursuant to a procedure Judge Howell suggested might be appropriate in this kind of pornography case, movants seek a limited protective guarding against *public* disclosure of their identities.[2]

The reason the protective order motions are necessary is simple: the moving parties are not comfortable staking their reputations on Malibu Media's seemingly lax interpretation of Fed. R. Civ. Proc. 11(b)(3).  Malibu Media's position appears to be that simply paying the Internet bill is enough to establish a good faith basis to allege that an ISP subscriber who pays the bill is necessarily the actual infringing John Doe defendant. Whether that fact alone constitutes a sufficient investigation under the circumstances of these cases to satisfy Rule 11(b)(3) is an open question–and one where Malibu Media seems inclined to err on the side of naming first and asking questions later.  What the Movants ask by the protective order is that, until there is some kind of finding or credible additional evidence that they, the people paying the Internet bill, actually are the infringing John Doe defendants, their names be protected from public disclosure.  Until then, Malibu Media should not be allowed to drag Movants' good names through the mud with highly embarrassing pornography allegations, by serving and publicly filing an un-redacted first amended complaint, or otherwise outing the Movants publicly.

In its responses, Malibu Media does not dispute or even address the main legal basis for this protective order, namely that the allegations in these pornography cases go

---

[1] In both cases, Movants have lodged a document containing their true names and contact information with the court, subject to consideration of the instant protective order motions, as well as motions to seal.  12-cv-1380, ECF Nos. 13, 14; 12-cv-1382, ECF Nos. 19, 20.

[2] *Malibu Media I* at ECF No. 14, 7/25/12, p. 9; *see also id.* at ECF No. 26.

-1-
**CONSOLIDATED REPLY IN SUPPORT OF PUTATIVE JOHN DOES' MOTIONS FOR A PROTECTIVE ORDER RE: PREVENTING PUBLIC DISCLOSURE OF PUTATIVE JOHN DOES' IDENTITY**

to a matter of a "sensitive and highly personal nature" and that they are incredibly embarrassing. *Next Phase Distrib., Inc. v. Doe*, 2012 U.S. Dist. LEXIS 27260, 4-6 (S.D.N.Y. Mar. 1, 2012) ("***This Court notes the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film***"); citing *Third Degree Films v. Doe*, 2011 U.S. Dist. LEXIS 128030 (N.D. Cal. Nov. 4, 2011) ("***An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality***"); *In re: BitTorrent Adult Film Copyright Infringement Cases*, E.D.N.Y. Case No. 12-1154-ADS-GRB, ECF No. 28, 12/03/2012 ("*In re: Adult Film Cases III*") (examining recent BitTorrent cases dealing with leave to proceed anonymously and granting Doe defendant's motion for leave to proceed anonymously); see also *Does I thru XXII v. Advanced Textile*, 214 F.3d 1058, 1068–69 (9th Cir. 2000) (use of pseudonyms appropriate to guard against risk of personal embarrassment); *In re: Complaint of Judicial Misconduct (Kozinski)*, 575 F.3d 279, 283–84 (3rd Cir. 2009) (allegations that judge possessed sexually explicit offensive material presented a "serious risk of public embarrassment. . .that can reasonably be seen as having resulted in embarrassment to the instution of the federal judiciary"). To this authority, Malibu Media has no answer.

The only material difference between the two instant motions is that in one case (the 12-cv-1382 action), consistent with plaintiff's "almost universal" practice of agreeing to such orders, plaintiff has stipulated to the relief requested. However, in the other case (the 12-cv-1380 action) for reasons plaintiff only hints at in the response, but which can be seen more clearly in the meet and confer emails[3] and which amount to bad faith, plaintiff now objects to the entry of such an order. Malibu Media fails to provide any coherent theory for why the same kind protective order it has agreed to previously in this district should now be abandoned. The real reason is that Malibu Media is upset with undersigned counsel for insisting, in another case, that Malibu Media *actually follow* the kind of protective order it likes to make a grand gesture of agreeing to.

---

[3] Filed in 12-cv-1380 at ECF No. 12-4.

**CONSOLIDATED REPLY IN SUPPORT OF PUTATIVE JOHN DOES' MOTIONS FOR A PROTECTIVE ORDER RE: PREVENTING PUBLIC DISCLOSURE OF PUTATIVE JOHN DOES' IDENTITY**

## II.  RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiffs responses argue that protective orders have routinely been denied in other cases in this district, including cases before this Court.  However, this argument is misleading because the protective order at issue here is more limited than the kinds routinely sought by Does objecting to subpoenas, in that it concerns not complete anonymity, but rather merely *public disclosure* of the Does' identities.  Here, both the Court and the plaintiff are appraised of the Does' identities.

Moreover, the exact protective order requested here has previously been entered in a Malibu Media case, between the same counsel, that was assigned to the Honorable Beryl Howell. *Malibu Media v. John Does 1-14*, D.D.C. Case No. 12-cv-0764-BAH ("*Malibu Media I*") at ECF No. 26, 10/11/12.  In order to try and understand how it is that plaintiff came to stipulate to a protective order in one case, but refuses to stipulate to the same protective order in an essentially identical case, requires a bit of background.

In the case before Judge Howell, undersigned counsel originally filed a motion to sever the Does and quash the subpoena, on behalf of a putative John Doe client in that action.  Recognizing that Judge Howell has previously found joinder to be appropriate in multiple-Doe copyright infringement litigation, undersigned counsel stressed discretionary severance, and argued that these pornography cases like the ones Malibu Media files are fundamentally different than cases involving more mundane content.  Here, the plaintiffs leverage the social stigma of pornography to try and coerce quick settlements; Does like the Movants would be happy to fight a case like this on the merits if it were about music, but balk at being publicly accused of having a taste for hardcore pornography.

Judge Howell denied undersigned's motion to sever and quash without prejudice, for failure to comply with the local rule requiring parties to identify themselves to the Court in an initial filing. *Malibu Media I* at ECF No. 14, 7/25/12.  However, in that order, with respect to the undersigned's argument that these pornography cases are more abusive than other copyright infringement actions, Judge Howell also noted,

-3-
**CONSOLIDATED REPLY IN SUPPORT OF PUTATIVE JOHN DOES' MOTIONS FOR A PROTECTIVE
ORDER RE: PREVENTING PUBLIC DISCLOSURE OF PUTATIVE JOHN DOES' IDENTITY**

> "identification of the parties also serves other judicial and public interests in the integrity and fairness of the proceedings. Moreover, procedural mechanisms are available under the Federal Rules of Civil Procedure to protect public disclosure of defendants' identities.[fn 4] [fn 4: See FED. R. CIV. P. 26(c)(1) (The Court may 'issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'); LCvR 5.1(j)."] *Id.* at p. 9.

In short, Judge Howell appeared to suggest that limited protective order guarding against *public* disclosure of John Doe's identity, as opposed to quashing subpoenas or severing Does, might be an appropriate way to mitigate the embarrassment these cases cause.

Taking the hint, undersigned counsel declined to file a renewed motion to sever and quash in *Malibu Media I*, and instead focused on seeking the kind of protective order Judge Howell had suggested might be appropriate. After attempts to meet and confer with plaintiff's counsel Jon Hoppe were met with no response, undersigned lodged the client's identity with the Court, served it on Malibu Media, and filed a motion for a protective order similar to the ones now at issue here. *Malibu Media I* at ECF No. 22, 9/17/12.

Mr. Hoppe filed a response to the motion for a protective order in *Malibu Media I* which began by stating "Plaintiff does not object to Defendant proceeding anonymously and allowing his information to be filed under seal" but "while Plaintiff does not object to the relief requested, Plaintiff does take issue with Defendants's [sic] reasoning behind it." *Malibu Media I* at ECF No. 24, 10/1/12, p. 1.

In view of plaintiff's non-opposition to the relief requested, **Judge Howell duly entered the exact protective order now requested again here**. *Malibu Media I*, at ECF No. 26, 10/11/12.

A few weeks later, undersigned counsel was retained by the first of the two Movants here, the putative John Doe in 12-cv-1382. In view of the fact that Malibu

Media newly purported to have a policy of agreeing to protective orders when requested, and that needless time was spent in *Malibu Meida I* briefing an issue that could have been resolved by stipulation, undersigned counsel requested that Mr. Hoppe stipulate to the same kind of protective order entered by Judge Howell in the newer 12-cv-1382 action. *See* 12-cv-1382, ECF No. 18-3. Mr. Hoppe wrote back that "My client hereby stipulates to precisely the same relief, but with the same reservations, as expressed in Case No. 1:12-cv-764 [i.e., Malibu Media I]". *Id.* Accordingly, undersigned counsel duly filed an unopposed motion for a protective order. 12-cv-1382, ECF No. 13, 11/15/12.[4]

     A few days later, undersigned counsel was retained by the putative John Doe in 12-cv-1380. Thus on November 19, 2012, undersigned counsel wrote Mr. Hoppe to ask if he would stipulate to the same protective order yet again. *See* 12-cv-1380, ECF No. 12-4, pp. 6–7. In response to this query, Mr. Hoppe wrote back to ask, among other things, if Movants were interested in settling these cases,

> "Also, ***would you care to enter into a dialogue as to how these matters might be settled***, or as to whether your clients possess any information which might lead to substituted defendants in the event (as I beleive has been claimed) that they are not the actual infringers. I look forward to hearing from you soon." *Id.* at p. 7.

However, since Mr. Hoppe had not actually answered the question about whether Malibu Media would stipulate to the same protective order in the 12-cv-1380 action as was agreed in 12-cv-1382 and entered in *Malibu Media I*, undersigned counsel followed up on this issue again on November 26, 2012. *Id.* at pp. 6-7.

     Before Mr. Hoppe responded on the outstanding question of applying the same protective order to 12-cv-1380, Malibu Media breached the protective order in *Malibu Media I* by filing an un-redacted first amended complaint and summons, both identifying the Putative John Doe there by name, in express contravention of the Court's protective

---

[4] The original motion for a protective order in 12-cv-1382, at ECF no. 13, was stricken because undersigned counsel's *pro hac vice* application was then still pending. The re-filed motion is at ECF No. 18.

order. *Malibu Media I* at ECF No. 35.[5] The putative John Doe client in *Malibu Media I* was understandably livid and instructed the undersigned to seek sanctions, particularly after it came to light that precisely the same thing has recently happened in two other Malibu Media cases pending elsewhere.[6]  However, before a sanctions motion was filed, *Malibu Media I* was dismissed due to plaintiff's failure to timely serve the complaint. *Id.* at Minute Order dated 12/10/12.

After some additional back and forth, finally, on December 5, 2012, Mr. Hoppe wrote to explain his position on whether he would stipulate to the protective order in 12-cv-1380, as follows,

> "While my client has a national policy of granting protective orders for Doe Defendants, unless you agree to not file a motion for sanctions in 1:12-cv-00764-BAH, my client will oppose the entry of a protective order for all of your existing and future clients. As you know in 1:12-cv-00764-BAH, I made a human error which I immediately corrected. Now, you threaten to exploit my error. Despite my client not opposing your motion in the first instance and obviously acting in good faith. Should you agree not to file a

---

[5] Also note Judge Howell's November 27, 2012 Minute Order, which does not have an ECF number, stating "MINUTE ORDER (paperless) directing the Clerk of the Court to strike the 34 Amended Complaint, and make it unavailable to the public, because it contains privacy information filed in violation of this Court's Order "that all parties and non-party witnesses are directed to refrain from publicly identifying putative John Doe No. 6, including by filing a First Amended Complaint, pending further order of the Court." ECF No. 26 at 2. Signed by Judge Beryl A. Howell on 11/27/2012. (lcbah2) (Entered: 11/27/2012)."

[6] Plaintiff's counsel here should be commended for taking responsibility for what appears to be an honest mistake; filing the un-redacted complaint in *Malibu Media I* does not appear to be malicious, just a material breach of procedure for filing sealed documents under the local rules, and a violation of a Court order.  By contrast, in the two other recent cases where Malibu Media similarly filed un-redacted complaints in violation of Court-issued protective orders, resulting in smearing those ISP subscribers names with the taint of a pornography lawsuit, the errors were blamed on a paralegal. *See Malibu Media, LLC v. John Does 1-14*, E.D. Pa. Case No. 12-cv-2084, ECF No. 37, 11/01/12 (Doe's Motion for Sanctions); *Malibu Media, LLC v. John Does 1-14,* N.D. Ind. 12-cv-263, ECF No. 48, 12/14/12 (Malibu Media's motion to strike un-redacted complaint it filed in violation of court order, blaming error on paralegal).

motion for sanctions, my client will agree not to oppose your motion for a protective order." *Id.* at pp. 1-2.

Undersigned counsel responded to Mr. Hoppe that it was not ethical to ease of the representation of one client in order to obtain a benefit for another, and then duly filed the instant protective order motions. *Id.* at p. 1. Accordingly, the 12-cv-1382 protective order motion was filed as a consent motion, per the email exchange at 12-cv-1382 ECF No. 18-3, and the 12-cv-1380 protective order motion, seeking identical relief, was filed over plaintiff's objection, for the reasons described just above.

### III.  ARGUMENT IN REPLY

The brief in support of the moving papers lays out in detail the legal basis for the protective order being requested, and all of the most relevant cases are cited again in the introduction to this reply brief. Movants will not belabor the point insofar as the actual arguments they made in support of the motion, because plaintiff did not bother to address, much less refute, any of these arguments. Plaintiff apparently does not dispute that being accused of downloading hardcore pornography constitutes a matter of a "sensitive and highly personal nature" and that such accusations are incredibly embarrassing, both of which justify the limited use of a pseudonym requested here.

Instead, this brief is limited to addressing the two arguments plaintiff *does* make in its response to the protective order motion filed in the 12-cv-1380 action:

First, plaintiff argues that Movants have not demonstrated specific facts justifying the requested relief. Not so; among other facts, both Movants offered evidence, by declaration, in the form of links to plaintiff's pornographic website, showing that the copyrights here at issue are for hardcore pornography. *See* Declaration of Morgan E. Pietz, ¶ 2; at 12-cv-1380, ECF No. 12-2; at 12-cv-1382, ECF No. 18-2. This fact, namely that *this case is about alleged infringement of hardcore pornography*, makes this matter similar to the many cases cited by Movants where courts similarly suggested that such allegations go to a "sensitive and highly personal" nature.

Second, plaintiff argues that this "protective order" should be denied here because other "protective orders" have been denied by other courts in this district. In support of this proposition, plaintiff cites to Judge Howell's decision in *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 332 (D.D.C. 2011).

Clearly, plaintiff fails to appreciate that a "protective order" can say a lot of different things, and that the kind of very limited protective order being requested here is much more limited in scope than the kinds of protective orders courts have denied in these cases. As this Court is not doubt well aware, many putative John Does, when considering how to respond to a subpoena in a case like this, file motions to quash, and some of them also seek a protective order prohibiting the ISP from turning over their contact information to the plaintiff. It is true that some Courts of this district, including this Court, routinely deny such motions on the theory that ISP subscribers do not have a privacy interest in their subscription information.

But the much more limited protective order at issue here, which presumes that both the Court and the plaintiff will know the Movants' true identities, does not depend on a privacy interest; rather, it flows from the fact that the allegations here are embarrassing, and go to a matter of a "sensitive and highly personal nature." Fed. R. Civ. Proc. 26(c) authorizes courts, for good cause, to enter protective orders to protect parties from "embarrassment," and Fed. R. Civ. Proc. 1 directs courts to construe the federal rules of civil procedure to secure "just" determination of every action. This court thus clearly has broad discretion to fashion a remedy to protect litigants from the kind of severe embarrassment that is the hallmark of this kind of pornography case.

Indeed, Judge Howell, whose *Call of the Wild* opinion plaintiff cites in support of its argument, herself entered the exact protective order now being requested here. *Malibu Media I*, at ECF No. 26, 10/11/12. This fact completely pulls the rug out from under plaintiff's reliance on *Call of the Wild*.

In short, neither of plaintiffs' two objections to the protective order withstand scrutiny.

## IV.  CONCLUSION

This Court should follow Judge Howell, and enter exactly the same protective order in these two cases as was entered by the Court in *Malibu Media I*, even over plaintiffs objections as to the 12-cv-1380 action. As argued above, neither of plaintiff's two objections to the requested protective order hold water, and plaintiff does not dispute any of the authority cited by Movants showing the legal basis for the requested protective order.  Accordingly, Movants respectfully request that this court grant the instant motions for protective orders, using the proposed orders submitted with the moving papers (which track with the protective order entered by Judge Howell).

Respectfully submitted,

DATED: January 2, 2013

| | |
|---|---|
| _____/s/ Morgan E. Pietz_____ <br> *Pro Hac Vice* <br><br> Morgan E. Pietz, Esq. <br>         California Bar No. 260629 <br>         THE PIETZ LAW FIRM <br>         3770 Highland Avenue, Ste. 206 <br>         Manhattan Beach, CA 90266 <br>         Phone: (310) 424-5557 <br>         Fax: (310) 546-5301 <br>         Email:  mpietz@pietzlawfirm.com | _____/s/ Eric J. Menhart_____ <br> *Local Counsel* <br><br> Eric J. Menhart, Esq. <br>         D.C. Bar No. 975896 <br>         Lexero Law <br>         10 G St. NE, Suite 710 <br>         Washington, DC 20002 <br>         Phone: (855) 453-9376, Ext. 101 <br>         Fax: (855) 453-9376 <br>         Email:  Eric.Menhart@lexero.com |
| Attorney for Putative John Doe No. 4 in 12-cv-1380 <br><br> Attorney for Putative John Doe No. 2 in 12-cv-1382 | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2012, the foregoing was submitted to the CM/ECF system which will send notification of such filings to Malibu Media, LLC.

　　　　/s/ Morgan E. Pietz

*Pro Hac Vice*

Morgan E. Pietz, Esq.
　　California Bar No. 260629
　　THE PIETZ LAW FIRM
　　3770 Highland Avenue, Ste. 206
　　Manhattan Beach, CA 90266
　　Phone: (310) 424-5557
　　Fax: (310) 546-5301
　　Email: mpietz@pietzlawfirm.com