UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MALIBU MEDIA, LLC,

    Plaintiff,

    v.     Civil Action No. 12-1382 (EGS/JMF)

JOHN DOES 1-5,

    Defendants.

### MEMORANDUM ORDER

Currently pending and ready for resolution are John Doe No. 2's <u>Notice of Motion for a Stipulated Protective Order Re: Preventing Public Disclosure of Putative John Doe No. 2's Identity</u> [#18] and his <u>Notice of Motion for Leave to File Under Seal a Document Containing Putative John Doe No. 2's True Identity</u> [#19], both filed though retained counsel. This individual's identity is not known to plaintiff and, therefore, this individual has not yet been named as a defendant in the case. For the reasons stated below, both motions will be denied.

I am not persuaded by the gravamen of counsel's argument that this individual's identity should be protected from "annoyance, embarrassment, oppression, and undue burden and expense," simply because the film at issue is pornographic. [#18] at 2. As explored at length by Judge Howell in <u>Malibu Media v. John Does 1-14</u>, Civil Action No. 12-764, a similar copyright infringement action involving Doe defendants, there are numerous public and private interests that must be considered. They include: 1) the requirement found in the Federal Rules of Civil Procedure as well as the Local Civil Rules that persons filing documents in federal court identify themselves by name and provide contact details, 2) the public's interest in knowing the identities of parties involved in federal law suits, 3) the federal court's need to determine whether recusal of

a particular judge is required, and 4) an individual's right to the protections of the First Amendment for certain anonymous speech. Malibu Media v. John Does 1-14, Civil Action No. 12-764, Order [#14] at 2-4.   Focusing on the First Amendment, Judge Howell concluded that allowing the alleged copyright infringer to proceed anonymously was not warranted because the case did not involve "'matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families'" and because the First Amendment was not to be used as a shield from illegal activity. Id. at 6 (quoting Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712-13 (5th Cir. 1979)).

In denying a Doe defendant the right to proceed anonymously, Judge Howell also concluded that "the desire of the Movant who is a putative defendant to submit motions and proceed anonymously . . . does not override the public's interest in identifying the parties, in accordance with the Federal Rules of Civil Procedure and Local Civil Rules, to ensure that judicial proceedings are open and fair." Malibu Media v. John Does 1-14, Civil Action No. 12-764, Order [#14] at 9.   Finally, Judge Howell noted that numerous other Judges of this court have concluded that an internet subscriber has no Fourth Amendment expectation of privacy in her identifying information. Id. at 7.

In Openmind Solutions, Inc. v. Does 1-565, Civil Action No. 11-1883, I reached the same conclusion:

> These Doe defendants have moved to quash the subpoena issued to their ISPs but also move to file their motions under seal.   I have now concluded, however, that no one will be permitted to proceed any further in this case without identifying himself or herself. Individuals who subscribe to the internet through ISPs simply have no expectation of privacy in their subscriber information.   See U.S. v. Christie, 624 F.3d 558, 573 (3[d] Cir. 2010) ("Federal courts have

> uniformly held that 'subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation' because it is voluntarily conveyed to third parties.") (internal quotation omitted); Guest v. Leis, 255 F.3d 325, 335 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their [subscriber] information once they reveal it to third parties."); Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) ("With regard to [the movant's] assertion that the information sought is 'personal,' courts have held that [i]nternet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to the Internet Service Providers.").

Openminded Solutions, Inc. v. Does 1-565, Civil Action No. 11-1883, Order [#19] at 2.

In Hard Drive Productions, Inc. v. Does, 1-1,495, Civil Action No. 11-1741, Judge Bates affirmed my order denying Doe defendants the right to proceed anonymously in that case and further concluded that, even conceding that downloading a bit torrent file was expressive activity under the First Amendment, the interest in engaging in that activity was minimal when that activity infringed a copyright. Id., Memorandum Opinion [#54] at 6 ("Here, however, where defendants' expressive activity is alleged to infringe plaintiff's copyright, defendants' First Amendment right to anonymity is 'exceedingly small.'") (quoting Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8 (D.D.C. 2008)).[1]

Thus, as these judges have concluded, any claimed right to proceed anonymously is outweighed by the other interests that compel Doe defendants to identify themselves before being permitted to proceed.

---

[1] Judge Bates also cited and quoted In re: Verizon Internet Servs., Inc., 257 F. Supp. 2d 244, 260 (D.D.C. 2003), rev'd on other grounds, Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc., 351 F.3d 1229, 1233 (D.C. Cir. 2003). In the district court opinion, the court held that the degree of protection afforded any First Amendment right to anonymous expression on the internet was minimal "where alleged copyright infringement is the expression at issue." Verizon Internet Servs., 257 F. Supp. 2d at 260.

There is, however, an interesting wrinkle in this case. John Doe No. 2, who is represented by counsel, has tendered his identify to the Court and asked that it be kept under seal so that, while the Court will know who he is, the public will not. Thus, the protective order he seeks only shields his identify from *public* disclosure. In response to John Doe No. 2's motion, plaintiff's counsel indicates that he does not object to the order defendant seeks but leaves the issue to the Court's discretion. See Plaintiff's Response to Motion for a Stipulated Protective Order [#23] at 1.

In the instant action, John Doe No. 2 argues that all that is known about him is that the ISP address of the computer to which plaintiff's film was downloaded is correctly attributed to him. [#18-1] at 5. He demands that plaintiff prove that he actually downloaded the film before plaintiff is permitted to name him in the public file as a defendant. Id. at 6. But, there is nothing in the Federal Rules of Civil Procedure that requires a plaintiff to prove its case to the satisfaction of the trier of fact before being permitted to name a person as a defendant. Furthermore, as Judge Bates concluded in one of his cases, plaintiffs make a *prima facie* showing of copyright infringement when they, as plaintiff has done here, identify the date and time of the infringement, as well as the IP address assigned to the computer that downloaded the film. Hard Drive Productions, Inc., Civil Action No. 11-1741, [#54] at 8. No more is required at this stage.

I will, however, as I have in the past, hold plaintiff's counsel when he names defendants to the requirements of Rule 11 of the Federal Rules of Civil Procedure (requiring that all representations to the court be made in good faith) and 28 U.S.C. § 1927 (prohibiting the unreasonable or vexatious multiplication of court proceedings). See West Coast Productions, Inc. v. Does, 1-1,434, Civil Action No. 11-55, Memorandum Opinion [#23] at 15. I cannot require any more than that without conditioning a plaintiff's right to name a defendant publicly to requirements not justified by any provision of the Local Rules or the Federal Rules of Civil

Procedure.  As just explained, whatever "right" there may be to download material from the internet anonymously is overcome by the interests that require disclosure of that identity.

Finally, although John Doe No. 2 argues that by allowing him to proceed anonymously, the court would be leveling the playing field between the parties, [#18-1] at 6), the playing field is leveled by the ultimate resolution of the lawsuit.  Plaintiff either proves that the defendant downloaded the film or it doesn't.  Whether or not the defendant is found liable is not a function of his being publically identified.  If, on the other hand, by the phrase "leveling the playing field," defendant means that the plaintiff has the advantage in settlement discussions, I appreciate that that scenario raises different considerations.  As plaintiff correctly points out, I have precluded settlement discussions in these cases until individuals are named as actual defendants.  I did so for the express purpose of protecting *pro se* Doe defendants from being pressured into settlements, irrespective of the merits of the parties' positions, because of the embarrassment of being named as a pornography downloader.  In this case, however, John Doe No. 2 has a lawyer, and therefore those considerations are not relevant.

In summary, the advancement of the interests that are served when parties to a lawsuit identify themselves on the public record overwhelm the extremely limited interests that are served by allowing a party to proceed anonymously.  It is therefore, hereby,

**ORDERED** that John Doe No. 2's Notice of Motion for a Stipulated Protective Order Re: Preventing Public Disclosure of Putative John Doe No. 2's Identity [#18] is **DENIED.**  It is further, hereby,

**ORDERED** that John Doe No. 2's Notice of Motion for Leave to File Under Seal a Document Contatining Putative John Doe No. 2's True Identity [#19], is **DENIED.**

**IT IS FUTHER ORDERED**, however, that this Memorandum Order is stayed until 14

business days after its issuance.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE